RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/16/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES STAFON HARDY | DOCKET NO. 13-CV-695; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM KEITH, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff James Stafon Hardy filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections who claims that he is being held past his release date. He seeks monetary damages and to be released from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

According to Plaintiff's allegations and supporting exhibits, he violated terms of probation by committing a new offense. On February 15, 2012, Plaintiff was sentenced three years of the original five year sentence, plus three years on the new offense, to run concurrently. Because the original sentence was five years, the Department of Corrections and/or Winn Correctional has computed Plaintiff's release date using the original five years, despite the fact that the judge ordered him to serve only three of the five. Plaintiff was ordered to amend his complaint on June 3, 2013. The amended complaint was due on or before July 3, 2013.

*Law and Analysis*

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See <u>Link v. Wabash R.R.Co.</u>, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988). Plaintiff was ordered to amend his complaint by July 3, 2013. To date, he has failed to comply with this Court's order.

Additionally, the latest correspondence to Plaintiff was returned to the clerk as undeliverable. Local Rule 41.3 for the Western District of Louisiana provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

*Conclusion*

**FOR THE FOREGOING REASONS, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b) for his failure to comply with the Court's order and Rule

41.3 of the Local Rules for the Western District of Louisiana for failing to keep the court apprised of an address change.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of August, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE